IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1878-LTB-MJW

JANET BLAIR,

        Plaintiff

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

**DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER**

Defendant Allstate Insurance Company ("Allstate" or "Defendant"), through its attorneys, Wheeler Trigg Kennedy LLP, answers the plaintiff's Complaint for Damages and Jury Demand ("Complaint") as follows:

**GENERAL ALLEGATIONS**

1. Allstate lacks knowledge or information sufficient to form a belief as to Plaintiff's place of residence, and on that basis, denies the allegations in paragraph 1 of the Complaint.

2. Allstate admits the allegations in paragraph 2 of the Complaint.

3. Allstate admits the allegations in paragraph 3 of the Complaint.

4. Allstate admits that Plaintiff was a named insured under Allstate Policy No. 0 87 316660 5/31 (the "Policy").  Allstate further states that the remaining allegations in paragraph 4 of the Complaint involve legal conclusions, and therefore require no response by Allstate.

5. Allstate admits the allegations in paragraph 5 of the Complaint.

6. Allstate admits the allegations in paragraph 6 of the Complaint.

7. On information and belief, Allstate admits that Plaintiff complied with all conditions precedent to payment of the PIP Benefits provided by the Policy, and admits that all available benefits were paid. Allstate denies that Plaintiff is entitled to any further PIP benefits.

8. Allstate admits the allegations in paragraph 8 of the Complaint.

9. Allstate avers that the language of the statute quoted in paragraph 9 of the Complaint speaks for itself, and therefore, no response is required of Allstate.

10. Allstate admits that for applicable periods subject to the Colorado No-Fault Act, automobile insurers were required to offer extended PIP coverage on automobile insurance policies issued in Colorado.

11. Allstate denies the allegations in paragraph 11 of the Complaint.

12. Allstate denies the allegations in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint are comprised of legal conclusions, and on that basis no answer is required.

## FIRST CLAIM FOR RELIEF

14. Allstate incorporates its admissions and denials to the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. Allstate admits the allegations in paragraph 15 of the Complaint.

16. Allstate denies the allegations in paragraph 16 of the Complaint.

17. Allstate admits the allegations in paragraph 17 of the Complaint.

18. Allstate admits that it has not paid extended PIP benefits to Plaintiff, but denies that it had any obligation to make such payments.

19. Allstate denies the allegations in paragraph 19 of the Complaint.

## SECOND CLAIM FOR RELIEF

20. Allstate incorporates its admissions and denials to the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. The allegations contained in paragraph 21 of the Complaint are comprised of legal conclusions, and on that basis no answer is required.

22. Allstate denies the allegations in paragraph 22 of the Complaint.

23. Allstate denies the allegations in paragraph 23 of the Complaint.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, are the result of acts and/or omissions of third parties for which Defendant is not responsible.

4. Defendant has acted reasonably and in good faith pursuant to the terms of its contract and its obligations under law.

5. Certain expenses of Plaintiff, in whole or in part, are not reasonable, necessary, and/or related as arising out of the subject accident and therefore are not covered under the No Fault Act and/or the Policy.

6. Plaintiff's claims are barred, in whole or in part, for lack of standing.

7. Plaintiff's equitable claims are barred, in whole or in part, by the doctrines of unclean hands and laches.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel and equitable estoppel.

9. Plaintiff seeks unconstitutional penalties, rather than damages.

10. Plaintiff has no private right of action to assert the claims stated in her Complaint.

11. If Plaintiff is awarded extended PIP benefits, Allstate is entitled to an offset against any such award for the cost of reasonable premiums for any extended coverage.

12. If the Court reforms the Policy to provide additional PIP coverage, PIP coverage would be capped at $200,000 pursuant to statute.

13. Plaintiff has not suffered injury in fact as a result of any alleged act or omission of Defendant.

14. If Plaintiff is awarded extended PIP benefits, Allstate is entitled to an offset for amounts received from other sources toward payment of the same expenses.

15. Plaintiff's claims are barred, because even if Plaintiff is entitled to reformation, which Defendant denies, Defendant is not obligated to conform to any such "reformed" policy until such time, if any, as the policy is ordered reformed by the Court.

16. Plaintiff's claims are barred by the terms of the Policy.

EXCEPT AS EXPRESSLY ADMITTED HEREIN, DEFENDANT DENIES EACH AND EVERY ALLEGATION IN PLAINTIFF'S COMPLAINT. Defendant reserves the right to amend its defenses as discovery proceeds in this case.

WHEREFORE, Defendant Allstate Insurance Company requests that the Court enter judgment in its favor, dismiss the Complaint with prejudice, award Defendant its costs and attorneys' fees, and grant such further relief as the Court deems proper.

**DEFENDANT REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 5th day of October, 2005.

s/<u>Marian Lee Carlson, original maintained in file</u>
Marian Lee Carlson
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
<u>carlson@wtklaw.com</u>

Attorneys for Defendant
Allstate Insurance Company

<u>Defendant's Address</u>

Allstate Insurance Company
2775 Sanders Road
Northbrook, Illinois  60062

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 5, 2005, I filed the foregoing DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER with the Clerk of the Court and have sent a copy by pre-paid United States First Class Mail to:

- **Marian Lee Carlson**
  carlson@wtklaw.com  carpenter@wtklaw.com

- **John G. Taussig, III**
  jt@johntaussig.com

> s/Marian Lee Carlson by Cindy Carpenter
> Marian Lee Carlson
> Wheeler Trigg Kennedy LLP
> 1801 California Street, Suite 3600
> Denver, Colorado 80202
> Telephone:  (303) 244-1800
> Facsimile:  (303) 244-1879
> carlson@wtklaw.com
>
> Attorneys for Defendant
> Allstate Insurance Company

396039v1